**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/01/2005
Log Number 510425404

TO:     Ed Weltman
        Goodwin Procter LLP
        599 Lexington Avenue, 40th Floor
        New York, NY, 10022-

RE:     **Process Served in New Jersey**

FOR:    PREMO PHARMACEUTICAL LABORATORIES, INC. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Maureen A. Pizzi, Pltf. vs. Eli Lilly and Company, et al., including, Premo Pharmaceutical Laboratories, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Inital Order, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Coumbia, DC Case # 05-0005924 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Injury sustained due to certain drug known as Diethylstilbestrol (DES) |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/01/2005 postmarked on 07/29/2005 |
| **APPEARANCE OR ANSWER DUE:** | 20 days |
| **ATTORNEY(S) / SENDER(S):** | Aaron M. Levine Law Offices of Aaron M. Levine & Associates 1320 19th. St., N.W. Suite 500 Washington, DC, 20036 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790104488840 |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Tyeasha Weaver |
| **ADDRESS:** | 820 Bear Tavern Road 3rd Floor West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAUREEN PIZZI
Vs.                                         C.A. No.        2005 CA 005924 B
ELI LILLY AND COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JOHN M CAMPBELL

Initial Conference: 9:30 am, Friday, October 28, 2005
Location:   Courtroom 517
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| MAUREEN PIZZI et.al. |
| *Plaintiff* |

**vs.**

05-0005924

Civil Action No. _____

| ELI LILLY AND CO et.al. |
| *Defendant* |

**SUMMONS**

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
Address

| Washington, DC 20036 |

| (202) 833-8040 |
Telephone

**By** _____
          Deputy Clerk

Date | 7-28-05 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

MAUREEN A. PIZZI                          ]
94 Wareham Road                           ]
Plymouth, MA 02360                        ]
                                          ]
                                          ]
    and                                   ]
                                          ]
                                          ]
KATHLEEN MAHONEY                          ]
404 Old Town Way                          ]              05-0005924
Hanover, MA 02339                         ]
                                          ]
                                          ]
                                          ]
            Plaintiffs,                   ]
                                          ]
    v.                                    ]  CIVIL ACTION NO. _____
                                          ]
ELI LILLY AND COMPANY                     ]
Lilly Corporate Center, Indianapolis, IN  46285  ]
w/s/o NATIONAL REGISTERED AGENTS, INC.    ]
1090 Vermont Avenue, NW, #910             ]
Washington, DC  20005                     ]
                                          ]
                                          ]
    and                                   ]
                                          ]
                                          ]
BRISTOL-MYERS SQUIBB COMPANY              ]
a successor of E.R. SQUIBB & SONS, INC.   ]
P.O. Box 4500                             ]
Princeton, NJ  08543                      ]
    w/s/o CT CORPORATION                  ]
    1025 Vermont Avenue, N.W.             ]
    Washington, DC  20005                 ]
                                          ]
                                          ]
    and                                   ]
                                          ]
                                          ]
PHARMACIA and UPJOHN COMPANY              ]
(aka THE UPJOHN COMPANY)                  ]
100 Route 206 North                       ]
Peapack, NJ  07977                        ]
    w/s/o CT CORPORATION                  ]
    1025 Vermont Avenue, N.W.             ]
    Washington, DC  20005                 ]
                                          ]
                                          ]
    and                                   ]
                                          ]
                                          ]
DART INDUSTRIES, INC.                     ]

RECEIVED
CIVIL CLERK'S OFFICE
JUL 2 8 200.
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

a successor to                                    ]
REXALL DRUG COMPANY, INC.                          ]
14901 South Orange Blossom Trail                   ]
Orlando, FL  32837                                 ]
w/s/oSheila Ann Marie Moeller, Esq.                ]
Gilbride, Tusa, Last & Spellane, LLC               ]
31 Brookside Drive                                 ]
Greenwich, CT 06836                                ]
                                                   ]
    and                                            ]
                                                   ]
GLAXOSMITHKLINE, INC.,                             ]
a successor to S.E. Massengill                     ]
1500 K Street, N.W.                                ]
Washington, DC  20036                              ]
                                                   ]
    and                                            ]
                                                   ]
PREMO PHARMACEUTICAL                               ]
    LABORATORIES, INC.                             ]
w/s/o/ Corporation Trust Co.                       ]
820 Bear Tavern Road                               ]
West Trenton, NJ 08628                             ]
                                                   ]
    and                                            ]
                                                   ]
LANNETT COMPANY, INC.                              ]
c/o Samuel Gratz, CEO                              ]
9000 State Road                                    ]
Philadelphia, PA 19136                             ]
                                                   ]
    and                                            ]
                                                   ]
WYETH, INC.                                        ]
5 Giraldi Farms                                    ]
Madison, NJ 07940                                  ]
                                                   ]
    and                                            ]
                                                   ]
MALLINCKRODT, INC.,                               ]
    a Delaware Corporation,                        ]
675 McDonnell Boulevard                            ]
St Louis, MO 63042                                 ]
                                                   ]
    and                                            ]

PERSON & COVEY, INC    ]
616 Allen Avenue     ]
Glendale, CA 91221    ]
             ]
 and         ]
             ]
ABBOTT LABORATORIES, INC. ]
100 Abbott Park Road    ]
Abbott Park, IL 60064    ]
w/s/o CT CORPORATION   ]
1025 Vermont Avenue, NW   ]
Washington, DC 20036    ]
             ]
 and         ]
             ]
MERCK & COMPANY, INC.   ]
P.O. Box 4        ]
West Point, PA 19486    ]
w/s/o CT CORPORATION   ]
1025 Vermont Avenue, NW   ]
Washington, DC 20036    ]
             ]
    Defendants.   ]



## COMPLAINT
### (DES Litigation – Products Liability, Market Share Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants and their predecessors are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

3.    Plaintiffs Maureen Pizzi and Kathleen Mahoney are sisters who were exposed in utero to DES manufactured by the Defendants, which was prescribed by the same physician. Both Plaintiffs suffer from reproductive tract analonies as a result of DES exposure in utero.

## COUNT I
### (Negligence – Maureen Pizzi v. Eli Lilly, et.al.)

4.    In 1961 and 1962, during her pregnancy with Maureen Pizzi, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts.  Her physician prescribed said drug during the pregnancy.  Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

5.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resultant infertility, incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

6.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability – Maureen Pizzi v. Eli Lilly et.al.)

7.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

8.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

9.    Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

10.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

11.    Said product was defective when placed on the market by Defendants.  DES was sold by Defendants without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

12.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

13.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

14.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
**(Breach of Warranty – Maureen Pizzi v. Eli Lilly et.al.)**

15.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

16.  At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

17.  Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

18.  At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

19.  As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation – Maureen Pizzi v. Eli Lilly et.al.)

20.  All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

21.  Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.  The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

6

23.  At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.  As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

<u>**COUNT V**</u>
**(Punitive Damages – Maureen Pizzi v Eli Lilly et.al.)**

25.     The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Negligence – Kathleen Mahoney v. Eli Lilly, et.al.)

26.    All of the foregoing allegations are realleged and incorporated herein by reference.

27.    In 1966, during her pregnancy with Kathleen Mahoney, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts.  Her physician prescribed said drug during the pregnancy.  Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

28.    As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

29.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VII
### (Strict Liability – Kathleen Mahoney v. Eli Lilly et.al.)

30.    All of the allegations contained in Count VI are realleged and incorporated herein by reference.

31.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

32.     Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

33.     Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

34.     Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

35.     Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

36.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

37.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT VIII
### (Breach of Warranty – Kathleen Mahoney v. Eli Lilly et.al.)

38.     All of the allegations contained in Counts VI and VII are realleged and incorporated herein by reference.

9

39.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

40.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

41.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

42.    As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

### COUNT IX
**(Misrepresentation – Kathleen Mahoney v. Eli Lilly et.al.)**

43.    All of the allegations contained in Counts VI, VII and VIII are realleged and incorporated herein by reference.

44.    Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

45.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

46.    At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or

unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

47.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT X
**(Punitive Damages – Kathleen Mahoney v Eli Lilly et.al.)**

48.     The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

11

_____
Steven J. Lewis, #472564

Counsel for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

MAUREEN A. PIZZI, et al.                          *

     Plaintiffs                             *

                                           C.A. No.: 05-CA-0005924

v.                                               *    Judge: John N. Campbell

ELI LILLY & COMPANY, et al.                       *

     Defendants                             *

           *    *    *    *    *    *    *    *    *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.     As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2.     As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.      As to Paragraph 3 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations contained in this paragraph and demands strict proof thereof by the Plaintiffs.

4.      As to Count I, Paragraphs 4, 5 and 6 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.      As to Count II, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

6.      As to Count II, Paragraphs 8, 10, 11, 12, 13 and 14 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.      As to Count II, Paragraph 9 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES, or was previously a manufacturer of DES.

8.      As to Count III, Paragraph 15 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 14 as fully as if they were repeated verbatim herein.

9.      As to Count III, Paragraphs 16, 17, 18 and 19 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10.     As to Count IV, Paragraph 20 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 19 as fully as if they were repeated verbatim herein.

11.     As to Count IV, Paragraphs 21, 22, 23 and 24 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

12.     As to Count V, Paragraph 25 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

13.     As to Count VI, Paragraph 26 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 25 as fully as if they were repeated verbatim herein.

14.     As to Count VI, Paragraphs 27, 28 and 29 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

15.     As to Count VII, Paragraph 30 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 29 as fully as if they were repeated verbatim herein.

16.     As to Count VII, Paragraphs 31, 33, 34, 35, 36 and 37 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

17.     As to Count VII, Paragraph 32 of the Complaint, this Defendant admits that its predecessor had been engaged in the business of producing DES or had been a manufacturer of DES.

18.     As to Count VIII, Paragraph 38 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 37 as fully as if they were repeated verbatim herein.

19.    As to Count VIII, Paragraphs 39, 40, 41 and 42 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

20.    As to Count IX, Paragraph 43 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 42 as fully as if they were repeated verbatim herein.

21.    As to Count IX, Paragraphs 44, 45, 46, and 47 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

22.    As to Count X, Paragraph 48 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiffs' natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiffs in this case.

## FOURTH DEFENSE

Plaintiffs' natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiffs' recovery in this action.

## FIFTH DEFENSE

Plaintiffs' natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiffs recovery in this case.

## SIXTH DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiffs' alleged injuries.

## SEVENTH DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel..

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiffs' natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those

prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**TWENTY-FIRST DEFENSE**

Counts V and X of the Complaint do not constitute separate causes of action, but are merely a request for a different type of damages and, therefore, Counts V and X of the Complaint are legal nullities.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia  22314; *Attorneys for Person & Covey, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland  21201; *Attorneys for Lannett Company, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland and Ellis
655 15th Street, N.W.
Washington, D.C.  20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Frank L. Heard, III, Esquire
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005-5901; *Attorneys for Wyeth, Inc.*

Sidney G. Leech

**IN THE SUPERIOR COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

|  |  |
|---|---|
| MAUREEN PIZZI & | ) |
| KATHLEEN MAHONEY, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| ELI LILLY AND CO., BRISTOL-MYERS | ) |
| SQUIBB CO., THE UPJOHN CO.,   DART | ) |
| INDUSTRIES, GLAXOSMITHKLINE, | ) |
| INC.,  PERSON & COVEY, MERCK | ) |
| & CO., INC., MALLINCKRODT, INC., | ) |
| PREMO PHARMACEUTICAL LABS., | ) |
| WYETH, INC., LANNETT COMPANY, | ) |
| INC., ABBOTT LABORATORIES, | ) |
| 100 Abbott Park Road, Abbott Park, Illinois | ) |
| 60064-3500, | ) |
|  | ) |
| Defendants. | ) |

CIVIL ACTION NO.: 05-005924 B
(Judge John M. Campbell)

RECEIVED
Civil Clerk's Office
AUG 0 8 2005
Superior Court of the
District of Columbia
Washington, D.C.

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT ABBOTT LABORATORIES TO THE COMPLAINT

Defendant Abbott Laboratories ("Abbott"), through its attorneys, hereby answers plaintiff's complaint ("complaint") as follows, and offers the following affirmative defenses:

## ANSWER

1. The allegations in paragraph 1 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required.  To the extent that the allegations of paragraph 1 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

2. Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States.  Abbott denies the remaining allegations contained in paragraph 2 and demands strict proof thereof.

3. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and therefore denies same and demands strict proof thereof.

## COUNT I
### (Negligence - Maureen Pizzi)

4. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same and demands strict proof thereof.

5. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint and therefore denies same and demands strict proof thereof.

6. The allegations in paragraph 6 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 6 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT II
### (Strict Liability - Maureen Pizzi)

7. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 6, above.

8. The allegations in paragraph 8 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 8 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

9. Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States. Abbott denies the remaining allegations contained in paragraph 9 and demands strict proof thereof.

10. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and therefore denies same and demands strict proof thereof.

11. The allegations in paragraph 11 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 11 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

12. The allegations in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 12 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

13. The allegations in paragraph 13 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 13 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

14. The allegations in paragraph 14 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 14 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT III
### (Breach of Warranty - Maureen Prizzi)

15. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 14, above.

16. The allegations in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 16 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

17. The allegations in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 17 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

18. The allegations in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 18 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

19. The allegations in paragraph 19 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 19 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

**COUNT IV**
**(Misrepresentation- Maureen Prizzi)**

20. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 19, above.

21. The allegations in paragraph 21 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 21 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

22. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint and therefore denies same and demands strict proof thereof.

23. The allegations in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 23 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

4

24. The allegations in paragraph 24 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 24 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT V
### (Punitive Damages-Maureen Prizzi)

25. The allegations in paragraph 25 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 25 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT VI
### (Negligence - Kathleen Mahoney)

26. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 25, above.

27. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint and therefore denies same and demands strict proof thereof.

28. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint and therefore denies same and demands strict proof thereof.

29. The allegations in paragraph 29 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 29 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT VII
### (Strict Liability - Kathleen Mahoney)

30. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 29, above.

5

31. The allegations in paragraph 31 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 31 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

32. Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States. Abbott denies the remaining allegations contained in paragraph 32 and demands strict proof thereof.

33. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint and therefore denies same and demands strict proof thereof.

34. The allegations in paragraph 34 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 34 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

35. The allegations in paragraph 35 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 35 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

36. The allegations in paragraph 36 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 36 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

37. The allegations in paragraph 37 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 37 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT VIII
### (Breach of Warranty - Kathleen Mahoney)

38. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 37, above.

39. The allegations in paragraph 39 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 39 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

40. The allegations in paragraph 40 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 40 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

41. The allegations in paragraph 41 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 41 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

42. The allegations in paragraph 42 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 42 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT IX
### (Misrepresentation- Kathleen Mahoney)

43. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs 1 through 42, above.

44. The allegations in paragraph 44 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 44 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

15.      Plaintiffs' claims for breach of warranty are precluded in whole or in part by express disclaimers of the applicable warranties, if any.

16.      Plaintiffs' claims for breach of warranty are barred in whole or in part by virtue of plaintiff's lack of privity with Abbott.

17.      Plaintiffs' claims for breach of warranty are barred in whole or in part by virtue of her failure to provide Abbott with the required notice and presentment of her claims.

18.      Plaintiffs' claims for breach of warranty are barred in whole or in part because plaintiff has not provided Abbott with an opportunity to cure the alleged defect.

19.      Plaintiffs' claims may have been fully or partially satisfied by the payments of a third party.

20.      Plaintiffs' claims should be dismissed because her choice of venue is improper and/or inconvenient.

21.      Plaintiffs' complaint fails to join a party or necessary parties without whom complete relief cannot be granted.

22.      Abbott reserves any additional defenses, which may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, defendant Abbott Laboratories, having fully answered the complaint, requests that it be dismissed with costs assessed against plaintiff and such further relief as the Court deems just and proper.

Dated:  August 8, 2005                    Respectfully submitted,

_____
Jennifer Gardner Levy (D.C. Bar No. 461921)
KIRKLAND & ELLIS
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C.  20005
Tel.: (202) 879-5000
Fax: (202) 879-5200
*Attorney for Abbott Laboratories*

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served upon the

following individuals by first-class mail, postage prepaid, on the 8th day of August, 2005:

Aaron M. Levine
Brandon J. Levine
Renee L. Robinson-Meyer
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiff*

James J. Dillon, P.C.
John M. Granberry
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Lawrence H. Martin
Foley Hoag LLP
1747 Pennsylvania Ave, NW
Suite 1200
Washington, DC 20006
*Attorneys for Defendant Eli Lilly and Company*

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Co. and The Upjohn Co. n/k/a Pharmacia and Upjohn*

Michael J. McManus
Brian A. Coleman
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1208
*Attorneys for Merck & Co., Inc*

Wyeth, Inc.
5 Giraldi Farms
Madison, NJ 07940

Dated: August 8, 2005

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

Sheila Ann Marie Moeller
GILBRIDE, TUSA, LAST &
   SPELLANE, LLC
31 Brookside Drive
Greenwich, CT 06836
*Attorneys for Dart Industries*

Daniel W. Whitney
Kathleen D. Leslie
Janet K. Coleman
Whitney & Borgris, LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline*

Person & Covey
c/o Cecil Stewart, Registered Agent
616 Allen Avenue
Glendale, CA 91221

Scott H. Christensen
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
 *Attorney for Mallinckrodt, Inc.*

Premo Pharmaceutical Laboratories, Inc.
820 Bear Tavern Road
West Trenton, NJ 08628

Lannett Company, Inc.
C/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

_____
Attorney for Defendant Abbott Laboratories

11

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **MAUREEN PIZZI, et al.** | |
| **Plaintiff,** | **Case No.: 2005 CA 005924** |
| **v.** | **Judge John M. Campbell** |
| | **Next Event: Scheduling Conference** |
| **ELI LILLY & COMPANY, et al.,** | **10/28/05** |
| **Defendants.** | |

### DEFENDANT PERSON & COVEY, INC.'S ANSWER

Defendant Person & Covey, Inc. ("Defendant" or "Person & Covey"), by counsel, hereby submits its answer and defenses to the Complaint filed by plaintiff Maureen Pizzi, *only*, and states as follows:

### ANSWER

Answering specifically the numbered paragraphs in the Complaint:

1.      Paragraph 1 calls for a legal conclusion to which no response is required. To the extent a response is required, all allegations are denied.

2.      Denied.

3.      Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 3, and demands strict proof thereof. To the extent a response is required the allegations in paragraph 3 are denied.

### COUNT I -- Negligence

4.      Defendant lacks sufficient information to admit or deny the allegations stated in the sentences one and two of paragraph 4. Defendant denies all allegations in sentence three.

5.      Denied.

6.    Denied.

## COUNT II -- Strict Liability – Maureen Pizzi

7.    Defendant reincorporates all responses and defenses set forth in paragraphs 1-6 as if fully set forth herein.

8.    Denied.

9.    Denied as phrased.  Person & Covey does not currently manufacture or produce DES.

10.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 10, and demands strict proof thereof.  To the extent that a response is required, the allegations in paragraph 10 are denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## COUNT III -- Breach of Warranty – Maureen Pizzi

15.    Defendant reincorporates all responses and defenses set forth in paragraphs 1-14 as if fully set forth herein.

16.    The allegations in paragraph 16 call for legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

17.    Denied.

18.    Denied.

19.    Denied.

## COUNT IV -- Misrepresentation

20.    Defendant reincorporates all responses and defenses set forth in paragraphs 1-19 as if fully set forth herein.

21.    Denied.

22.    Defendants lack sufficient information to admit or deny the allegations in paragraph 22, and demand strict proof thereof.  To the extent that a response is required, the allegations in paragraph 21 are denied.

24.    Denied.

## COUNT V – Punitive Damages – Maureen Pizzi

25.    Denied.

## COUNT VI – Negligence -- Kathleen Mahoney

26.    Defendant has no response to paragraphs 26-29 of the Complaint, as Person & Covey is not a named defendant in the action by Kathleen Mahoney.  To the extent that a response is required, the allegations in these paragraphs are denied.

## COUNT VII – Strict Liability – Kathleen Mahoney

27.    Defendant has no response to paragraphs 30-37 of the Complaint, as Person & Covey is not a named defendant in the action by Kathleen Mahoney.  To the extent that a response is required, the allegations in these paragraphs are denied.

## COUNT VIII – Breach of Warranty – Kathleen Mahoney

28.    Defendant has no response to paragraphs 38-42 of the Complaint, as Person & Covey is not a named defendant in the action by Kathleen Mahoney.  To the extent that a response is required, the allegations in these paragraphs are denied.

## COUNT IX – Misrepresentation – Kathleen Mahoney

29.    Defendant has no response to paragraphs 43-47 of the Complaint, as Person &
Covey is not a named defendant in the action by Kathleen Mahoney.  To the extent that a
response is required, the allegations in these paragraphs are denied.

## COUNT X – Punitive Damages – Kathleen Mahoney

30.    Defendant has no response to paragraph 48 of the Complaint, as Person & Covey
is not a named defendant in the action by Kathleen Mahoney.  To the extent that a response is
required, the allegation in this paragraph is denied.

31.    Person & Covey denies any allegation of the Complaint not expressly admitted
herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which can be granted against Person & Covey.

### SECOND DEFENSE

This court lacks personal jurisdiction over Person & Covey.

### THIRD DEFENSE

Venue is improper in this judicial district.

### FOURTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or doctrine of
laches.

## FIFTH DEFENSE

Plaintiff's claims are barred and preempted by Person & Covey's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## SIXTH DEFENSE

Plaintiff cannot identify Person & Covey as the manufacturer or distributor of the DES allegedly consumed by her mother.

## SEVENTH DEFENSE

To the extent that Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its due process and equal protection guaranteed to it under the United States Constitution and the Constitution(s) of the governing states.

## EIGHTH DEFENSE

The Complaint is barred by the Learned Intermediary Doctrine.

## NINTH DEFENSE

The Plaintiff is barred by her own contributory negligence, comparative negligence, and/or assumption of the risk.

## TENTH DEFENSE

At the time Plaintiff's mother allegedly ingested DES, the drug was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, labeled, and sold, therefore, Plaintiff is barred from recovery.

## ELEVENTH DEFENSE

Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

### TWELFTH DEFENSE

Plaintiff's natural mother was guilty of contributory negligence, which was a proximate cause of the injuries, damages, and losses complained of, and a complete bar to plaintiff's recovery in this case.

### THIRTEENTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recovery in this case.

### FOURTEENTH DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### FIFTEENTH DEFENSE

Plaintiff's alleged injuries, if any, were caused in whole or in part by the conduct of one or more individuals over which Person & Covey had no control.

### SIXTEENTH DEFENSE

This Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### SEVENTEENTH DEFENSE

If the product in question was unsafe then it was unavoidably unsafe.

### EIGHTEENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## NINETEENTH DEFENSE

Plaintiff lacks standing to sue by reason of the fact that no duty was owed to the Plaintiff by Defendant at the time Plaintiff's mother allegedly used the DES referred to in the Complaint.

## TWENTIETH DEFENSE

If Defendant is found liable to Plaintiff for any loss allegedly suffered by Plaintiff, such liability shall not exceed Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## TWENTY-FIRST DEFENSE

Any alleged injuries suffered were caused by factors other than exposure to DES and were not due to, caused by the fault of, lack of care, negligence or breach of any duty by Person & Covey.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to plead her claim for fraud with particularity pursuant to D.C. Superior Court Rule 9(b).

## TWENTY-THIRD DEFENSE

Person & Covey avails itself to all other defenses raised by co-defendants in this matter.

## TWENTY-FOURTH DEFENSE

Person & Covey reserves the right to raise additional defenses learned in discovery at the trial of this matter.

WHEREFORE, having fully answered and responded to the allegations set forth in the Complaint by Maureen Pizzi, Person & Covey, Inc. respectfully requests that this action be

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Company*

Stephanie Albert, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorney for Pharmacia & Upjohn Company & Merck & Company, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Andrew R. Lewis, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
9th Floor East
Washington, D.C. 20006

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, New York 10022
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

Kathleen M. Bustraam
Lord & Whip, PA
36 South Charles Street
10th Floor
Baltimore, Maryland 21201
*Attorney for Lannett Company, Inc.*

Janet C. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for GlaxoSmithKline, Inc. & Mallinckrodt, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005
*Attorney for Abbott Laboratories, Inc.*

Frank L. Heard, III, Esquire
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
*Attorney for Wyeth, Inc.*

Jodi V. Zagorin, Esquire

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MAUREEN A. PIZZI and )
KATHLEEN MAHONEY )
                          )
        Plaintiffs, )      Civil Action No. 05ca05924
                          )
v. )      Judge John M. Campbell
                          )
ELI LILLY AND COMPANY, et al., )
                          )
        Defendants. )

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1.      Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint and therefore Dart denies those averments.

2.      In response to the averments contained in paragraph 2 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done

business in the District of Columbia.  Except as specifically admitted, Dart denies the allegations contained in paragraph 2 of the Complaint.

3.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentences of paragraph 3 of the Complaint and therefore Dart denies those averments.  Dart denies the averments contained in the second sentence of paragraph 3 of the Complaint.

4.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first two sentences of paragraph 4 of the Complaint and therefore Dart denies those averments.  In response to the averments contained in the third sentence of paragraph 4 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it acted in concert with the other defendants or that it advertised DES.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the third sentence of paragraph 4 of the Complaint and therefore Dart denies those averments.

5.    Dart denies the averments contained in paragraphs 5 and 6 of the Complaint.

2

6.     In response to the averments contained in paragraph 7 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 6.

7.     Dart denies the averments contained in paragraph 8 of the Complaint.

8.     In response to the averments contained in paragraph 9 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES between 1949 and 1967, if the terms "manufacture" and "produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 9 of the Complaint.

9.     Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the Complaint and therefore Dart denies those averments.

10.     Dart denies the averments contained in paragraphs 11 through 14 of the Complaint.

11.     In response to the averments contained in paragraph 15 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 14.

12.     Dart denies the averments contained in paragraphs 16 through 19 of the Complaint.

3

13.    In response to the averments contained in paragraph 20 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 19.

14.    Dart denies the averments contained in paragraphs 21 through 25 of the Complaint.

15.    In response to the averments contained in paragraph 26 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 25.

16.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first two sentences of paragraph 27 of the Complaint and therefore Dart denies those averments.  In response to the averments contained in the third sentence of paragraph 27 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it acted in concert with the other defendants or that it advertised DES.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in the third sentence of paragraph 27 of the Complaint and therefore Dart denies those averments.

17.    Dart denies the averments contained in paragraphs 28 and 29 of the Complaint.

4

18.    In response to the averments contained in paragraph 30 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 29.

19.    Dart denies the averments contained in paragraph 31 of the Complaint.

20.    In response to the averments contained in paragraph 32 of the Complaint, Dart admits that Rexall Drug Company manufactured and produced certain DES between 1949 and 1967, if the terms "manufacture" and "produce" are defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Except as specifically admitted, Dart denies the averments contained in paragraph 32 of the Complaint.

21.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Complaint and therefore Dart denies those averments.

22.    Dart denies the averments contained in paragraphs 34 through 37 of the Complaint.

23.    In response to the averments contained in paragraph 38 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 37.

24.    Dart denies the averments contained in paragraphs 39 through 42 of the Complaint.

25.    In response to the averments contained in paragraph 43 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 42.

26.    Dart denies the averments contained in paragraphs 44 through 48 of the Complaint.

27.    All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

28.    Plaintiffs' alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

29.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

30.    If the causes of action asserted in plaintiffs' Complaint state claims upon which relief can be granted, plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

31.    To the extent that plaintiffs assert claims of fraud, plaintiffs have failed to state a cause of action in that plaintiffs assert mere allegations and fail to state with particularity the circumstances constituting the wrong as required by

Rule 9 of the Rules of the Superior Court for the District of Columbia for Civil Cases.

FIFTH AFFIRMATIVE DEFENSE

32.    Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the plaintiffs by this answering defendant at the time the mother of the plaintiffs allegedly used the drug referred to in the Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

SIXTH AFFIRMATIVE DEFENSE

33.    The plaintiffs have been unable to identify this defendant as the defendant causing the alleged injuries, and therefore have failed to state a cause of action against this defendant.

SEVENTH AFFIRMATIVE DEFENSE

34.    Any damages, injuries or losses that may have been sustained by the plaintiffs, as alleged in the Complaint, were sustained only after the mother of the plaintiffs knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

EIGHTH AFFIRMATIVE DEFENSE

35.    Upon information and belief, any injuries, losses or damages that the plaintiffs may have sustained were caused by the negligence of the plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

36.    Plaintiffs are barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiffs during her pregnancy with the plaintiffs, the use of said drug was responsible for the birth of the plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

37.    If the plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

## ELEVENTH AFFIRMATIVE DEFENSE

38.    If in fact the mother of the plaintiffs used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

## TWELFTH AFFIRMATIVE DEFENSE

39.    With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiffs and this defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

40.    With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

44.    The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

45.    If in fact plaintiffs' Complaint were held to contain a cause of action upon which relief could be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to each plaintiff, or their agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

46.    The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE

47.    Plaintiffs' demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

## TWENTY FIRST AFFIRMATIVE DEFENSE

48.    Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

WHEREFORE, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.


DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By:      _____
John F. Anderson
DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on this 10ᵗʰ day of August 2005 a copy of the

foregoing was served by first class mail on the following:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

Peter E. Strand
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005

Harley V. Ratliff
Shook, Hardy & Bacon LLP
2555 Grand Blvd.
Kansas City, MO  64108

Sidney Gordon Leech
Goodell, Devries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, MD 21202

Michael J. McManus
Drinker, Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005

Aaron L. Handleman
Eccleston & Wolf
2001 S Street, N.W. #310
Washington, D.C. 20009

Daniel W. Whitney
Whitney & Bogris
401 Washington Avenue, 12th Floor
Towson, MD 21204

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, MD 21201

David D. Hudgins
Hudgins Law Firm
515 King St., Suite 400
Alexandria, VA 22314

Jennifer G. Levy
Kirkland & Ellis
655 Fifteenth Street, N.W.
Suite 1200
Washington, D.C. 20005

Sallie F. Pullman
Goodwin Procter LLP
901 New York Ave., N.W.
Washington, D.C. 20001

F. Lane Heard III
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005

John F. Anderson