UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN A. PIZZI and KATHLEEN MAHONEY,

    Plaintiffs,

v.

ELI LILLY AND COMPANY et al.,

    Defendants.

Case No. 05-1648 (RBW)

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiff's complaint filed on July 28, 2005 ("Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to any other defendant herein.

    1.    Denies the allegations set forth in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

    2.    Denies the allegations set forth in paragraph 2 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint.

## RESPONDING TO COUNT I

4. Denies the allegations set forth in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician. Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

5. Denies allegations set forth in paragraph 5 of the Complaint.

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT II

7. Responding to the allegations in paragraph 7 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 6 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

8. Denies the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaints, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations set forth in paragraph 11 of the Complaint.

12. Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT III

15. Responding to the allegations in paragraph 15 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 14 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

16. Denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

17. Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers all conclusions of law to the Court.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

19.     Denies the allegations set forth in paragraph 19 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

20.     Responding to the allegations in paragraph 20 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-19 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

22.     Denies the allegations set forth in paragraph 22 of the Complaint.

23.     Denies the allegations set forth in paragraph 23 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

24.     Denies the allegations set forth in paragraph 24 of the Complaint.

### RESPONDING TO COUNT V

25. Denies the allegations set forth in paragraph 25 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

### RESPONDING TO COUNT VI

26. Responding to the allegations in paragraph 26 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-25 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician. Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. Denies the allegations set forth in paragraph 29 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

### RESPONDING TO COUNT VII

30. Responding to the allegations in paragraph 30 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-29 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint, and respectfully refers all questions of law to the Court.

**RESPONDING TO COUNT VIII**

38. Responding to the allegations in paragraph 38 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-37 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

39. Denies the allegations set forth in paragraph 39 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed

at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

40. Denies the allegations set forth in paragraph 40 of the Complaint, and respectfully refers all conclusions of law to the Court.

41. Denies the allegations set forth in paragraph 41 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

## RESPONDING TO COUNT IX

43. Responding to the allegations in paragraph 43 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-42 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

44. Denies the allegations set forth in paragraph 44 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

47.    Denies the allegations set forth in paragraph 47 of Complaint.

## RESPONDING TO COUNT X

48.    Denies the allegations set forth in paragraph 48 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## THIRD AFFIRMATIVE DEFENSE

The claims for relief alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiffs by Premo at the time such plaintiffs' mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a claim against Premo upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiffs' mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiffs' own negligence or that of such plaintiffs' mother and, therefore, barred by the doctrine of contributory negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiffs' mother during pregnancy with such plaintiffs, the use of said drug was responsible for the birth of such plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

**TENTH AFFIRMATIVE DEFENSE**

If in fact the allegedly DES-exposed plaintiffs' mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

Case 1:05-cv-01648-RBW  Document 3  Filed 08/18/2005  Page 10 of 18

**ELEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiffs or by such plaintiffs' mother.

**TWELFTH AFFIRMATIVE DEFENSE**

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiffs and Premo.

**THIRTEENTH AFFIRMATIVE DEFENSE**

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and New York Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under both the United States and New York Constitutions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Premo is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo, or completely barred by the doctrine of contributory negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

This Court is not a proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:   Washington, D.C.
         August 18, 2005

>                                  Respectfully submitted,
>
>                                  By:   /s/ Sallie F. Pullman
>                                   Sallie F. Pullman (Bar No. 482401)
>                                  GOODWIN PROCTER LLP
>                                  901 New York Avenue, N.W.
>                                  Washington, D.C. 20001
>                                   Telephone:  (202) 346-4000
>                                   Facsimile:  (202) 346-4444
>                                    Spullman@goodwinprocter.com
>
>                                  *Attorneys for Defendant*
>                                  *Premo Pharmaceutical Laboratories, Inc.*
>
>                                  Of Counsel:
>                                  Christopher Garvey, Esq.
>                                  Diana M. Rosenberg, Esq.
>                                  GOODWIN PROCTER LLP
>                                  599 Lexington Avenue
>                                  New York, New York 10022
>                                  Telephone (212) 813-8800
>                                  Facsimile (212) 355-3333
>                                  Cgarvey@goodwinprocter.com
>                                  Drosenberg@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2005, a copy of the above and foregoing has been duly served upon counsel of record by the manner indicated on the ECF Notice of Electronic Filing to the following: :

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

John F. Kuckelman, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 1100
Washington, DC  20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Company and Merck & Company, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102

*Attorneys for Defendant Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland  21204
*Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
*Attorneys for Lannett Company, Inc.*

F. Lane Heard III, Esquire
Ashley W. Hardin , Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Attorneys for Wyeth*

David D. Hudgins, Esquire
Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street
Suite 400
Alexandria, VA 22314
*Attorneys for Defendant Person & Covey, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 Fifteenth Street
Washington, DC 20005
*Attorneys for Defendant Abbott Laboratories, Inc.*

    \_\_/s/ Sallie F. Pullman_____
    Sallie F. Pullman (Bar No. 482401)