UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MAUREEN A. PIZZI and <br> KATHLEEN MAHONEY, <br>     *Plaintiffs,* <br> v. <br> ELI LILLY AND COMPANY, *et al.*, <br>     *Defendants.* | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 05-1648 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT MERCK & CO., INC.'S
ANSWER TO COMPLAINT**

Defendant Merck & Co., Inc. ("Merck"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiffs Maureen Pizzi and Kathleen Mahoney's Complaint as follows:

1. Merck denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. The allegation that Merck is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 2 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

DC\537335\1

3. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 3; therefore, those allegations are denied.

## COUNT I
### (Negligence – Maureen Pizzi v. Eli Lilly, et al.)

4. Merck admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. Merck is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 4; therefore, those allegations are denied.

5. Merck denies the allegations in Paragraph 5.

6. Merck denies the allegations in Paragraph 6.

## COUNT II
### (Strict Liability - Maureen Pizzi v. Eli Lilly, et al.)

7. Merck incorporates by reference its answers to the allegations in Count I.

8. Merck denies the allegations in Paragraph 8.

9. Merck denies the allegations in Paragraph 9, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food and Drug Administration.

10. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 10; therefore, those allegations are denied.

11. Merck denies the allegations in Paragraph 11.

12. Merck denies the allegations in Paragraph 12.

13. Merck denies the allegations in Paragraph 13.

14. Merck denies the allegations in Paragraph 14.

## COUNT III
### (Breach of Warranty - Maureen Pizzi v. Eli Lilly, et al.)

15. Merck incorporates by reference its answers to the allegations in Counts I and II.

16. Merck admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. The remainder of the allegations in Paragraph 16 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 16 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

17. Merck denies the allegations in Paragraph 17.

18. Merck denies the allegations in Paragraph 18.

19. Merck denies the allegations in Paragraph 19.

## COUNT IV
### (Misrepresentation - Maureen Pizzi v. Eli Lilly, et al.)

20. Merck incorporates by reference its answers to the allegations in Counts I, II and III.

21. Merck denies the allegations in Paragraph 21.

22. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 22; therefore, those allegations are denied.

23. Merck denies the allegations in Paragraph 23.

24. Merck denies the allegations in Paragraph 24.

## COUNT V
### (Punitive Damages - Maureen Pizzi v. Eli Lilly, et al.)

25.　Merck denies the allegations in Paragraph 25.

## COUNT VI
### (Negligence – Kathleen Mahoney v. Eli Lilly, et al.)

26.　Merck incorporates by reference its answers to the allegations in Counts I, II, III, IV and V.

27.　Merck admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. Merck is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 27; therefore, those allegations are denied.

28.　Merck denies the allegations in Paragraph 28.

29.　Merck denies the allegations in Paragraph 29.

## COUNT VII
### (Strict Liability – Kathleen Mahoney v. Eli Lilly, et al.)

30.　Merck incorporates by reference its answers to the allegations in Count VI.

31.　Merck denies the allegations in Paragraph 31.

32.　Merck denies the allegations in Paragraph 32, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the Food and Drug Administration.

33.　Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 33; therefore, those allegations are denied.

34.　Merck denies the allegations in Paragraph 34.

35. Merck denies the allegations in Paragraph 35.

36. Merck denies the allegations in Paragraph 36.

37. Merck denies the allegations in Paragraph 37.

### COUNT VIII
**(Breach of Warranty - Kathleen Mahoney v. Eli Lilly, et al.)**

38. Merck incorporates by reference its answers to the allegations in Counts VI and VII.

39. Merck admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. The remainder of the allegations in Paragraph 39 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 39 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

40. Merck denies the allegations in Paragraph 40.

41. Merck denies the allegations in Paragraph 41.

42. Merck denies the allegations in Paragraph 42.

### COUNT IX
**(Misrepresentation - Kathleen Mahoney v. Eli Lilly, et al.)**

43. Merck incorporates by reference its answers to the allegations in Counts VI, VII and VIII.

44. Merck denies the allegations in Paragraph 44.

45. Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 45; therefore, those allegations are denied.

46. Merck denies the allegations in Paragraph 46.

47. Merck denies the allegations in Paragraph 47.

### COUNT X
### (Punitive Damages - Kathleen Mahoney v. Eli Lilly, et al.)

48. Merck denies the allegations in Paragraph 48.

By way of further answer, Merck denies all other allegations contained in Plaintiffs' Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by reason of Merck's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Merck states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the Constitution(s) of the governing state(s), including its right to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Merck states that to the extent Plaintiffs seek to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the Constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Merck states that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the learned intermediary doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Merck states that its predecessor acted at all times in full conformity with the then-existing state of the art.

## TENTH AFFIRMATIVE DEFENSE

Merck states that Plaintiffs' breach of warranty claims must fail due to lack of privity and timely notice.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the doctrine of federal preemption.

## TWELFTH AFFIRMATIVE DEFENSE

Merck adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Merck reserves its right to amend this answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: *Elizabeth Ewert* (signature)

Michael J. McManus (#262832)
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465

Dated: August 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Merck & Company, Inc.,'s Answer to Complaint was sent, via first-class mail, postage prepaid, on this 22nd day of August, 2005, to:

Aaron M. Levine, Esq.
AARON M. LEVINE & ASSOCIATES, P.A.
1320 - 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Sidney Leech, Esq.
GOODELL, DEVRIES, LEECH &
    DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

John Anderson, Esq.
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Attorneys for Dart Industries, Inc.*

Lawrence H. Martin, Esq.
FOLEY HOAG, LLP
1875 K Street, N.W., Suite 500
Washington DC 20006
and
James J. Dillon, Esq.
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
*Attorneys for Eli Lilly and Company*

Janet Coleman, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
*Attorneys for GlaxoSmithKline, Inc.*

Christopher Garvey, Esq.
GOODWIN PROCTOR LLP
599 Lexington Avenue
New York, New York 10022
*Of Counsel for Premo Pharmaceutical Laboratories, Inc.*

Kathleen Bustrann, Esq.
LORD & WHIP, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
*Attorneys for Lannett Company*

F. Lane Heard, III, Esq.
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
*Attorneys for Wyeth Pharmaceuticals*

_____
Elizabeth Ewert