**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAUREEN A. PIZZI, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 05-CV-1648(RBW) |
| ELI LILLY AND COMPANY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

**<u>ANSWER TO COMPLAINT</u>**

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, answers the plaintiffs' Complaint and states as follows:

1. Lannett is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in paragraph one of the Complaint. To the extent that a response is required, Lannett denies the allegations in paragraph one.

2. Lannett is without knowledge or information of parties other than itself and is unable to admit or deny the allegations contained in paragraph two as they relate to parties other than Lannett. For its response to paragraph two on behalf of itself only, Lannett denies the allegations contained in paragraph two of the Complaint.

3. Lannett is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in paragraph three. To the extent that a response is required, Lannett denies these allegations.

## COUNT I
### (Negligence)
(MAUREEN PIZZI v. ELI LILLY, ET AL.)

4. Lannett is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in paragraph four. To the extent that a response is required, Lannett denies these allegations.

5. Lannett denies the allegations contained in paragraph five of the Complaint.

6. Lannett denies the allegations contained in paragraph six of the Complaint.

## COUNT II
### (Strict Liability)
(MAUREEN PIZZI v. ELI LILLY, ET AL)

7. Lannett repeats and re-alleges its answers to paragraphs one through six of the Complaint as if fully set forth herein.

8. Lannett denies the allegations contained in paragraph eight of the Complaint.

9. Lannett is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint. To the extent that a response is required, Lannett denies the truth of these allegations.

10.     Lannett is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint.  To the extent that a response is required, Lannett denies the allegations contained in paragraph ten.

11.     Lannett denies the allegations contained in paragraph eleven of the Complaint.

12.     Lannett denies the allegations contained in paragraph twelve of the Complaint.

13.     Lannett denies the allegations contained in paragraph thirteen of the Complaint.

14.     Lannett denies the allegations contained in paragraph fourteen of the Complaint.

### COUNT III
**(Breach of Warranty)**
(MAUREEN PIZZI v. ELI LILLY, ET AL)

15.     Lannett repeats and re-alleges its answers to paragraphs one through fourteen of the Complaint as if fully set forth herein.

16.     Paragraph sixteen calls for a legal conclusion, to which no response is required.  To the extent, however, that a response is required, Lannett denies the allegations contained in paragraph sixteen.

17.     Lannett denies the allegations contained in paragraph seventeen of the Complaint.

18. Lannett denies the allegations contained in paragraph eighteen of the Complaint.

19. Lannett denies the allegations contained in paragraph nineteen of the Complaint.

### COUNT IV
**(Misrepresentation)**
(MAUREEN PIZZI v. ELI LILLY, ET AL)

20. Lannett repeats and re-alleges its answers to paragraphs one through nineteen of the Complaint as if fully set forth herein.

21. Lannett denies the allegations contained in paragraph twenty one of the Complaint.

22. Lannett denies the allegations contained in paragraph twenty two of the Complaint.

23. Lannett denies the allegations contained in paragraph twenty three of the Complaint.

24. Lannett denies the allegations contained in paragraph twenty four of the Complaint.

### COUNT V
**(Punitive Damages)**
(MAUREEN PIZZI v. ELI LILLY, ET AL)

25.     Lannett denies the allegations contained in paragraph twenty five of the Complaint.

## COUNT VI
**(Negligence)**
(KATHLEEN MAHONEY v. ELI LILLY, ET AL)

26.     Lannett repeats and re-alleges its answers to paragraphs one through twenty-five of the Complaint as if fully set forth herein.

27.     Lannett is without sufficient knowledge or information to allow it to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint. To the extent that a response to these allegations is required, Lannett denies the allegations contained in paragraph twenty-seven of the Complaint, and specifically denies that it acted in concert with other manufacturers of DES.

28.     Lannett denies the allegations contained in paragraph twenty-eight of the Complaint.

29.     Lannett denies the allegations contained in paragraph twenty-nine of the Complaint.

## COUNT VII
STRICT LIABILITY
(KATHLEEN MAHONEY v. ELI LILLY, ET AL)

30.     Lannett repeats and re-alleges its answers to paragraphs one through

twenty-nine of the Complaint as if fully set forth herein.

31.  Lannett denies the allegations contained in paragraph thirty-one of the Complaint.

32.  Lannett denies the allegations contained in paragraph thirty-two of the Complaint.

33.  Lannett is without sufficient knowledge or information to allow it to form a belief as to the truth of the allegations contained in paragraph thirty-three of the complaint.  To the extent that a response is required, Lannett denies the allegations contained in paragraph thirty-three.

34.  Lannett denies the allegations contained in paragraph thirty-four of the Complaint.

35.  Lannett denies the allegations contained in paragraph thirty-five of the Complaint.

36.  Lannett denies the allegations contained in paragraph thirty-six of the Complaint.

37.  Lannett denies the allegations contained in paragraph thirty-seven of the Complaint.

### COUNT VIII
**(Breach of Warranty)**
(KATHLEEN MAHONEY v ELI LILLY, ET AL)

38.  Lannett repeats and re-alleges its answers to paragraphs one through thirty-seven of the Complaint as if fully set forth herein.

39.  Paragraph thirty-nine calls for a legal conclusion, which can be

neither admitted nor denied. To the extent that a response is required, Lannett denies the allegations contained in paragraph thirty-nine of the Complaint.

40. Lannett denies the allegations contained in paragraph forty of the Complaint.

41. Lannett denies the allegations contained in paragraph forty-one of the Complaint.

42. Lannett denies the allegations contained in paragraph forty-two of the Complaint.

## COUNT IX
### (Misrepresentation)
(KATHLEEN MAHONEY v. ELI LILLY, ET AL)

43. Lannett repeats and re-alleges its answers to paragraphs one through forty-two of the Complaint as if fully set forth herein.

44. Lannett is without sufficient knowledge or information to allow it to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint. To the extent, however, that a response is required, Lannett denies the allegations contained in paragraph forty-four of the Complaint.

45. Lannett is without sufficient knowledge or information to allow it to form a belief as to the truth of the allegations contained in paragraph forty-five of the Complaint. To the extent, however, that a response is required, Lannett denies the allegations contained in paragraph forty-five of the Complaint.

46. Lannett denies the allegations contained in paragraph forty-six of the Complaint.

47. Lannett denies the allegations contained in paragraph forty-seven of the Complaint.

## COUNT X
### (Punitive Damages)
(KATHLEEN MAHONEY v. ELI LILLY, ET AL)

48. Lannett denies the allegations contained in paragraph forty-eight of the Complaint.

By way of further answer, Lannett raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' natural mothers were guilty of contributory negligence which was the proximate cause of the injuries, damages, and losses complained of, which negligence is a complete bar to the recovery by the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mothers assumed the risks inherent in the use of DES and her assumption of risk is a bar to the Plaintiff's recovery.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' natural mothers misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, there were intervening causes leading to said injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the application of the statute or statutes of repose.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to include a necessary party or parties without whom complete relief cannot be obtained.

### TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

### ELEVENTH AFFIRMATIVE DEFENSE

The doctrine of res judicata and/or the doctrine of collateral estoppel bar the Plaintiff's causes of action.

TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiffs' natural mothers, then this Defendant alleges that such product was in conformity with the generally recognized state of the art of at the time the product was designed, manufactured, inspected, packaged, labeled and sold; and therefore, Plaintiffs are barred from recovery.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal preemption.

FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory regulatory requirements concerning DES, including those prescribed by the Federal Food Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No.: MD24417)
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, Maryland 21201
410 539-5881
Attorneys for Lannett Company, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2005 the following copy of Lannett Company, Inc.'s Answer to Complaint was sent by first class mail, postage pre-paid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036

John Kuckelman, Esquire
Shook, Hardy and Bacon, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108

Michelle R. Mangrum, Esquire
Shook, Hardy & Bacon, LLP
600 14th Street, NW, Suite 800
Washington, DC 20005

Elizabeth Ewert, Esquire
Drinker, Biddle and Reath, LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209

John S. Anderson, Esquire
Troutman Saunders, LLP
1660 International Drive, Suite 600
McClean, Virginia 22102

Christopher J. Garvey, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
Washington, DC 20001

Janet K. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, NW
Washington, DC 20005-5793

F. Lane Heard, III, Esquire
Williams & Connelly, LLP
725 12th Street, NW
Washington, DC 20005

Sidney G. Leech, Esquire
Goodell Devries Leech & Dann, LLP
1 South Street, 20th Floor
Baltimore, Maryland 21202

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan

347435