IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN PIZZI, *et al*,

        Plaintiffs,

v.

ELI LILLY AND COMPANY, *et al*.

        Defendants.

CIVIL ACTION No. 1:05-cv-01648-RBW

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the

B3091281.1

drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3. To the extent a response is required, however, Lilly denies the allegations contained in the first sentence of Paragraph 3 of the Complaint. Lilly denies the allegations contained in the second sentence of Paragraph 3 of the Complaint.

## COUNT I
### (Negligence - Maureen Pizzi)

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 4. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT II
### (Strict Liability - Maureen Pizzi)

7. Lilly repeats and realleges its answers contained in Paragraphs 1 through 6 above.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. In response to the allegations contained in Paragraph 9, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 9 of the Complaint.

10. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty - Maureen Pizzi)

15. Lilly repeats and realleges its answers contained in Paragraphs 1 through 14 above.

16. Lilly denies the allegations contained in Paragraph 16 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation - Maureen Pizzi)

20. Lilly repeats and realleges its answers contained in Paragraphs 1 through 19 above.

21. Lilly denies the allegations contained in Paragraph 21 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
### (Punitive Damages - Maureen Pizzi)

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT VI
### (Negligence - Kathleen Mahoney)

26. Lilly repeats and realleges its answers contained in Paragraphs 1 through 25 above

27. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 27.  Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT VII
### (Strict Liability - Kathleen Mahoney)

30. Lilly repeats and realleges its answers contained in Paragraphs 26 through 29 above.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. In response to the allegations contained in Paragraph 32, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol.  Except as already stated, Lilly denies the allegations of Paragraph 32 of the Complaint.

33. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT VIII
### (Breach of Warranty - Kathleen Mahoney)

38. Lilly repeats and realleges its answers contained in Paragraphs 26 through 37 above.

39. Lilly denies the allegations contained in Paragraph 39 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

40. Lilly denies the allegations contained in Paragraph 40 of the Complaint.

41. Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42. Lilly denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT IX
### (Misrepresentation - Kathleen Mahoney)

43. Lilly repeats and realleges its answers contained in Paragraphs 26 through 42 above.

44. Lilly denies the allegations contained in Paragraph 44 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

45. Lilly denies the allegations contained in Paragraph 45 of the Complaint.

46. Lilly denies the allegations contained in Paragraph 46 of the Complaint.

47. Lilly denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT X
### (Punitive Damages - Kathleen Mahoney)

48. Lilly denies the allegations contained in Paragraph 48 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over Lilly.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## NINTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY
By its attorneys:


/s/ James J. Dillon
James J. Dillon, D.C. Bar # 485593
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

      I certify that on September 7, 2005, a true copy of Defendant Eli Lilly's Answer to the Complaint was served upon the following by First Class Mail, prepaid. Service upon all other parties was accomplished through the CM/ECF filing system.

Jennifer Gardner Levy, Esq.
Kirkland & Ellis
655 Fifteenth Street NW
Suite 1200
Washington, DC 20005-5793
**Attorney for Abbott Laboratories**