IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN A. PIZZI and <br> KATHLEEN MAHONEY, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, et al., <br><br> Defendants. | ] <br> ] <br> ] <br> ] <br> ] <br> ] Civil Action No.: 05-1648 (RBW) <br> ] Next Event: Initial Scheduling Conference <br> ] on March 1, 2006 at 9:00 a.m. <br> ] <br> ] |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendants conferred up to and including February 16, 2006 and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1.: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plans to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings; (b) The parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes,

including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay, or another mediator of the Court's choosing, for mediation to begin after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; the dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgment or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiffs request an extension of time to respond to

defendants' discovery requests, plaintiffs shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in their possession (or the possession of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiffs and/or their mother; (d) the identity, and if known, the address and telephone number of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of the plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiffs), defendants shall send a copy of all such medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the plaintiffs, the mother and father of the plaintiffs, as well as the depositions of any relevant medical providers, pharmacists or pharmacy personnel. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

May 30, 2006:   Deadline for serving Discovery Requests.

June 29, 2006: Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 1, 2006: Deadline for defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

September 29, 2006: All Discovery closed. The parties agree that experts may be deposed until the close of discovery.

October 30, 2006: Deadline for Filing Dispositive Motions.

December 2006: Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for depositions. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2) and all parties agree to dispense with, at the time of the disclosures, the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the expert witness shall provide said list of cases at the time of his/her deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in December 2006.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The plaintiffs prefer that a firm trial date be set at the first scheduling conference. Defendants do not prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time. Stipulations of Dismissal with Prejudice as to Defendants Abbott Laboratories, Person & Covey, Inc., Premo Pharaceutical Laboratories, Inc, GlaxoSmithKline and Mallinckrodt, Inc. have been filed with the Court.

STATEMENT OF THE CASE:

A.   Plaintiffs':

These are products liability/personal injury cases arising from the Plaintiffs' in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1961 and 1966 to the plaintiffs' mother for the purpose of preventing miscarriage.

Plaintiff Maureen A. Pizzi claims that as a result of her in utero exposure to DES, she has

suffered injuries, including but not limited to, uterine and cervical malformations, with resulting infertility, suffered physical and mental pain, with concomitant medical and surgical expenses for care and treatment, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff Kathleen Mahoney claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations, with resulting poor pregnancy outcomes and infertility, suffered physical and mental pain, with concomitant medical and surgical expenses for care and treatment, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

B.    Defendants':

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet commenced, Lilly believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that they were exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the Plaintiffs complain, and that Lilly breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Bristol-Myers Squibb Company ("Squibb") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet taken place, this Defendant believes that the Plaintiffs will be unable to come forward with evidence sufficient to

meet their burden of proof that they were exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiffs complain, or that this Defendant breached any duties owed to the Plaintiffs, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiffs' claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendants Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn") and Merck & Co., Inc. ("Merck") generally deny that they are liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet commenced, these Defendants believe that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that they were exposed to DES in the first place, that any such DES was manufactured or produced by these Defendants, that any such DES caused the injuries of which the Plaintiffs complain, and that these Defendants breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. These Defendants have also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Dart Industries, Inc. ("Dart") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet commenced, Dart believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that they were exposed in utero to DES in the first place, that any such DES was manufactured or produced by Dart, that any such DES caused the injuries of which the Plaintiffs complain, and that Dart breached any duties owed to the Plaintiffs, breached any warranties, or made

any material misrepresentations. Dart has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Wyeth generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet commenced, Wyeth believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that they were exposed in utero to DES in the first place, that any such DES was manufactured or produced by Wyeth, that any such DES caused the injuries of which the Plaintiffs complain, and that Wyeth breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Wyeth has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Lannett Company, Inc. ("Lannett") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While substantial discovery has not yet commenced, Lannett believes that the Plaintiffs will be unable to come forward with evidence sufficient to demonstrate that they were exposed to DES in the first place, that any such DES was manufactured or produced by Lannett, that any such DES caused the injuries of which the Plaintiffs complain, that Lannett breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Lannett also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

    A.    <u>Plaintiffs'</u>:

The statutory basis for the Plaintiffs' cause of action is 28 U.S.C. §1332(a) (diversity).

    B.    <u>Defendants'</u>:

The only affirmative defense asserted by all Defendants with a statutory basis is that the Plaintiffs' claims may be barred by the statute of limitations.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

FOLEY HOAG LLP

/s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC   20036
202-833-8040

Counsel for Plaintiffs

/s/ James J. Dillon (by permission-rm)
JAMES J. DILLON, #485593
155 Seaport Boulevard
Boston, MA   02210
617-832-1000

and

Lawrence H. Martin, Esq.
FOLEY HOAG LLP
1875 K Street, N.W., Suite 500
Washington, DC   20006
202-223-1200

Counsel for Defendant Eli Lilly and Company

GOODELL, DEVRIES, LEECH & DANN LLP

/s/ Sidney G. Leech (by permission-rm)
SIDNEY G. LEECH, #359071
One South Street, 20th Floor
Baltimore, MD   21202
410-783-4000

Counsel for Defendant Bristol-Myers Squibb

TROUTMAN SANDERS LLP

 /s/ John F. Anderson (by permission-rm)
JOHN F. ANDERSON, #393764
1660 International Drive, Suite 600
McLean, VA  22102
703-734-4356

Counsel for Defendant Dart Industries, Inc.

DRINKER BIDDLE & REATH LLP

 /s/ Elizabeth Ewert   (by permission-rm)
ELIZABETH EWERT, #479368
1500 K Street, N.W., Suite 1100
Washington, DC  20005-1209
202-842-8800

Counsel for Defendants Pharmacia & Upjohn
        Company LLC and Merck & Co., Inc.


WILLIAMS & CONNOLLY LLP

 /s/ F. Lane Heard, III (by permission-rm)
F. LANE HEARD, III, #291724
725 12th Street, N.W.
Washington, DC 20005
202-434-5000

Counsel for Defendant Wyeth


LORD & WHIP, P.A.

 /s/ Kathleen M. Bustraan (by permission-rm)
KATHLEEN M. BUSTRAAN, #MD24417
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD  21201
410-539-5881

February 21, 2006                                Counsel for Defendant Lannett Company, Inc.