# Exhibit 1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN A. PIZZI
94 Wareham Road
Plymouth, MA 02360

and

KATHLEEN MAHONEY
404 Old Town Way
Hanover, MA 02339

        Plaintiffs,

v.                            CIVIL ACTION NO. _____

ELI LILLY AND COMPANY
Lilly Corporate Center, Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, DC 20005

and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
    w/s/o CT CORPORATION
    1025 Vermont Avenue, N.W.
    Washington, DC 20005

and

DART INDUSTRIES, INC.



05-0005924

RECEIVED
CIVIL CLERK'S OFFICE
JUL 28 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

a successor to
REXALL DRUG COMPANY, INC.
14901 South Orange Blossom Trail
Orlando, FL 32837
w/s/o Sheila Ann Marie Moeller, Esq.
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, CT 06836

and

GLAXOSMITHKLINE, INC.,
a successor to S.E. Massengill
1500 K Street, N.W.
Washington, DC 20036

and

PREMO PHARMACEUTICAL
LABORATORIES, INC.
w/s/o/ Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

and

LANNETT COMPANY, INC.
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

and

WYETH, INC.
5 Giraldi Farms
Madison, NJ 07940

and

MALLINCKRODT, INC.,
a Delaware Corporation,
675 McDonnell Boulevard
St Louis, MO 63042

and

2

```
PERSON & COVEY, INC              ]
616 Allen Avenue                 ]
Glendale, CA 91221               ]
                                 ]
        and                      ]
                                 ]
ABBOTT LABORATORIES, INC.        ]
100 Abbott Park Road             ]
Abbott Park, IL 60064            ]
w/s/o CT CORPORATION             ]
1025 Vermont Avenue, NW          ]
Washington, DC 20036             ]
                                 ]
        and                      ]
                                 ]
MERCK & COMPANY, INC.            ]
P.O. Box 4                       ]
West Point, PA 19486             ]
w/s/o CT CORPORATION             ]
1025 Vermont Avenue, NW          ]
Washington, DC 20036             ]
                                 ]
        Defendants.              ]
```

## COMPLAINT
(DES Litigation – Products Liability, Market Share Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants and their predecessors are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

3. Plaintiffs Maureen Pizzi and Kathleen Mahoney are sisters who were exposed in utero to DES manufactured by the Defendants, which was prescribed by the same physician. Both Plaintiffs suffer from reproductive tract analonies as a result of DES exposure in utero.

## COUNT I
### (Negligence – Maureen Pizzi v. Eli Lilly, et.al.)

4. In 1961 and 1962, during her pregnancy with Maureen Pizzi, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

5. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resultant infertility, incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

6. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability – Maureen Pizzi v. Eli Lilly et.al.)

7. All of the allegations contained in Count I are realleged and incorporated herein by reference.

8. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

4

9.  Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

10. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

11. Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

12. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

13. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

14. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

### COUNT III
(Breach of Warranty – Maureen Pizzi v. Eli Lilly et.al.)

15. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

16. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

17. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

18. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

19. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
(Misrepresentation – Maureen Pizzi v. Eli Lilly et.al.)

20. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

21. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

6

23. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

### COUNT V
(Punitive Damages – Maureen Pizzi v Eli Lilly et.al.)

25. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
### (Negligence – Kathleen Mahoney v. Eli Lilly, et.al.)

26. All of the foregoing allegations are realleged and incorporated herein by reference.

27. In 1966, during her pregnancy with Kathleen Mahoney, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in Massachusetts. Her physician prescribed said drug during the pregnancy. Defendants, acting in concert manufactured, compounded, packaged labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

28. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, infertility, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

29. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VII
### (Strict Liability – Kathleen Mahoney v. Eli Lilly et.al.)

30. All of the allegations contained in Count VI are realleged and incorporated herein by reference.

31. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8

32. Defendants are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

33. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

34. Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

35. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

36. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

37. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT VIII
(Breach of Warranty – Kathleen Mahoney v. Eli Lilly et.al.)

38. All of the allegations contained in Counts VI and VII are realleged and incorporated herein by reference.

9

39. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

40. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

41. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

42. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IX
(Misrepresentation – Kathleen Mahoney v. Eli Lilly et.al.)

43. All of the allegations contained in Counts VI, VII and VIII are realleged and incorporated herein by reference.

44. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

45. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

46. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or

unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

47.   As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT X
### (Punitive Damages – Kathleen Mahoney v Eli Lilly et.al.)

48.   The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff Maureen Pizzi demands judgment against Defendants Eli Lilly and Company, Abbott Laboratories, Inc., Lannett Company, Inc., Mallinckrodt, Inc. GlaxoSmithKline, Inc., Merck & Company, Inc., Person & Covey, Inc., Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., Bristol-Myers Squibb Company, and Pharmacia and Upjohn Company in the sum of One Million Dollars ($1,000,000.00), jointly and severally, plus costs in compensatory damages and One Million ($1,000,000.00), in punitive damages.

WHEREFORE, Plaintiff Kathleen Mahoney demands judgment against Defendants Eli Lilly and Company, Lannett Company, Inc., GlaxoSmithKline, Inc., Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., Bristol-Myers Squibb Company, Pharmacia and Upjohn Company, and Wyeth, Inc. in the sum of One Million Dollars ($1,000,000.00), jointly and severally, plus costs in compensatory damages and One Million ($1,000,000.00), in punitive damages.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

12

*[signature]*
Steven J. Lewis, #472564

Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury as to all issues of material facts.

*[signature]*
Aaron M. Levine

13